**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALAN JEROD KELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1062-D |
| | ) | |
| KAY COUNTY SHERIFFS OFFICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

*Pro se* Plaintiff Alan Jerod Keller brought this lawsuit asserting claims under 42 U.S.C. § 1983 against Defendants Kay County Sheriff's Office ("Sheriff's Office"), Kay County District Attorneys' Office ("D.A.'s Office"), Oklahoma Department of Agriculture Food and Forestry ("ODAFF"), Deputy Brian Payne, in his official capacity, and Ronald Wilson, in his official capacity as an investigator for ODAFF, seeking monetary damages and "such declaratory and injunctive relief as the Court deems necessary and proper to protect Plaintiff's rights and prevent future violations." [Doc. No. 6].

## BACKGROUND

In August 2025 Plaintiff was arrested and charged with two felonies, first degree forgery and second-degree burglary, and one misdemeanor, improper authentication of documents by a notary. *See State of Oklahoma v. Alan Jerod Keller*, CF-2025-392 (Kay Cnty. Dist. Ct. Oka. Aug. 19, 2025) ("State Matter").[1] The State Matter is ongoing. *Id.*

[1] The Court takes judicial notice of the State Matter. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand.").

As a result of the State Matter, Plaintiff brought this lawsuit. Plaintiff alleges Defendants, acting under the color of state law and in their official capacities, violated his Fourth Amendment rights when they conducted an unlawful search and seizure and wrongfully arrested him without a warrant or probable cause. [Doc. No. 6, at p. 2]. Moreover, Plaintiff alleges Defendants violated his Fifth and Fourteenth Amendment rights by depriving him of due process by "booking/processing [him] without [a] warrant or charging documents, [and] delay[ing his] initial appearance." *Id.* Additionally, he asserts that Defendants violated his Sixth Amendment rights when they did not permit him counsel during their interrogation despite his request for counsel and committed *Brady* violations by not disclosing impeachment material regarding Defendant Wilson. Plaintiff also alleges a *Monell* claim against the Sheriff's Office. *Id.* at p. 2-3.

The Court now reviews the Amended Complaint, *sua sponte*, under its inherent power to manage its docket. *See* footnote 2, *infa.*

**I. Plaintiff's claims against Sheriff's Office, D.A.'s Office, and Wilson, in his official capacity as an investigator for ODAFF.**

**STANDARD OF DECISION**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." *Cassanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere

labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted). The Court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Moreover, *pro se* parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## ANALYSIS

### A. The Sheriff's Office and D.A.'s Office.

Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued is determined by the law of the state in which the district court is located. Fed. R. Civ. P. 17(b). In Oklahoma, each organized county can sue and be sued. Okla. Stat. tit. 19, § 1(1).

Neither the Sheriff's Office nor the D.A.'s Office is a "person" suable under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Lindsey v. Thomason*, No. 06-7114, 275 F. App'x 744, 747 (10th Cir. Sept. 10, 2007) (unpublished) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *Reid v. Hamby*, No. 95-7142, 1997 WL 537909, at *6 (10th Cir. Sept. 2, 1997) (holding that "an Oklahoma 'sheriff's department' is not a proper entity for purposes of a § 1983 suit"); *Mohammad v. Albuquerque Police Dep't*, No. 17-2080, 699 F. App'x 838, 839 (10th Cir. 2017) (unpublished) ("[T]he Albuquerque Police Department is not a 'person' under § 1983.") (citation omitted); *see also Martin v. Box*, No. CIV-09-192-HE, 2009 WL 1605657, at *5 (W.D. Okla. June 5, 2009) (unpublished) (Oklahoma District Attorney's Office is not a separate suable legal entity and does not qualify as a person subject to liability); *Zapata v. Public Defenders Office*, No. 06-2334, 252 F. App'x 237, 240 (10th Cir. 2007) (unpublished) (upholding dismissal of plaintiff's claim against the New Mexico Public Defender's Office on grounds that it was not a 'person' amenable to suit under § 1983).

Accordingly, Plaintiff's claims against the Sheriff's Office and D.A.'s Office are dismissed. [2]

**B. Defendant Wilson, in his official capacity.**

Although individual capacity suits seek to impose personal liability on a government actor for actions taken under color of law, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation and quotations omitted). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166; *see also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

Where a plaintiff sues both a person in his official capacity and the entity, courts have dismissed the official capacity claims as redundant. *See French v. City of Cortez*, 361 F. Supp. 3d 1011, 1042 (D. Colo. Jan. 9, 2019) (dismissing official capacity claims against police officers because they were "duplicative" of the claims against the city); *Wash. v. City of Okla. City*, No. CIV-20-266-D, 2022 WL 865833, at *2 (W.D. Okla. Mar. 22, 2022) (same); *Hawley v. Bd. of Trs. for the Okla. Cnty. Crim. Just. Auth.*, No. CIV-25-151-SLP,

[2] The Court analyzes the Amended Complaint under its inherent power to manage its docket. *See McKinney v. State of Okla., Dep't of Hum. Servs., Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991) (holding "a sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, *see Baker*, 916 F.2d at 727, and allowing him an opportunity to amend his complaint would be futile."); *see also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure—Civil § 1357 (3d ed. 2004) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties.").

2026 U.S. Dist. LEXIS 65812, at *10-11 (W.D. Okla. Mar. 27, 2026) (dismissing official capacity claims against Jail Administrator because they were duplicative of the claims against the Board of Trustees for the Oklahoma County Criminal Justice Authority).

ODAFF is a named defendant. Thus, suing Defendant Wilson in his official capacity as an investigator for ODAFF is duplicative, and the official capacity claim against him must be dismissed.

**II. Plaintiff's claims against ODAFF and Deputy Payne, in his official capacity.**

**STANDARD OF DECISION**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). A Rule 12(b)(1) motion to dismiss must be determined from the allegations and facts in the complaint, without regard to mere conclusory allegations of jurisdiction. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). Accordingly, Plaintiff in this case bears the burden of establishing that the Court has jurisdiction to hear his claims.

**ANALYSIS**

As a threshold issue, the Court analyzes whether it should refrain from hearing the case under the *Younger* abstention doctrine. Under *Younger*, a plaintiff may not request a federal district court to interfere with state court proceedings before a state court judgment is final. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). "Generally, federal courts must exercise their jurisdiction when available. However, principles of 'equity, comity, and federalism' motivate a 'longstanding public policy against federal court interference with state court proceedings.'" *Rocky Mountain Gun Owners v. Williams*, 671 F. App'x 1021, 1024 (10th Cir. 2016) (unpublished) (quoting *Steffel v. Thompson*, 415 U.S. 452, 460-61 (1974), and citing *Younger*, 401 U.S. at 43-45; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)).

For *Younger* abstention to be appropriate, the Tenth Circuit directs that three conditions must be present: (i) interference with an ongoing state judicial proceeding; (ii) involvement of important state interests; and (iii) an adequate opportunity afforded in the state court proceedings to raise the federal claims. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "*Younger* abstention is not discretionary once the [three] conditions are met, absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims." *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989) (citation omitted). *See Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) (Because "application of the *Younger* doctrine is absolute ... when a case meets the *Younger* criteria, there is no discretion for the district court to

exercise.”). When the *Younger* abstention elements are met, a district court should dismiss the claims before it, unless a petitioner has brought claims which “cannot be redressed in the state proceeding,” in which case the district court should stay the federal proceedings pending the conclusion of the state litigation. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988).

**A. Plaintiff has an ongoing state criminal proceeding.**

“[T]he proceedings must be ongoing and they must be the type of proceedings afforded *Younger* deference.” *Hunter v. Hirsig*, 660 F. App’x 711, 715 (10th Cir. 2016) (unpublished). *Younger*’s application is limited to three types of ongoing proceedings: “(1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings akin to criminal prosecutions; and (3) ‘civil proceedings involving certain orders . . . uniquely in furtherance of the state courts ability to perform their judicial functions.’” *Escalante v. Burmaster*, No. 23-cv-2130-TC-TJJ, 2023 U.S. Dist. LEXIS 74762, at *6 (D. Kan. Apr. 28, 2023) (quoting *Sprint Commc’ns., Inc.*, 571 U.S. at 73); *see also Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (recognizing the three categories of state proceedings to which *Younger* abstention applies).

Here, Plaintiff is involved in an ongoing criminal proceeding. *See State of Oklahoma v. Alan Jerod Keller*, CF-2025-392 (Kay Cnty. Dist. Ct. Oka. Aug. 19, 2025). Indeed, he asks this Court to intervene in the State Matter to “protect Plaintiff’s rights and prevent future violations.” Accordingly, this first *Younger* factor is established.

**B. The criminal proceeding involves an important state interest.**

Clearly, Oklahoma has an important interest in enforcing its criminal laws. *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) ("For purposes of *Younger*, state criminal proceedings are viewed as a traditional area of state concern."). Thus, the second *Younger* factor is satisfied.

**C. The criminal proceeding is an adequate forum to hear Plaintiff's federal claims.**

Generally, "a plaintiff has an adequate opportunity to raise federal claims in state court 'unless state law clearly bars the interposition of the [federal statutory] and constitutional claims.'" *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (original brackets) (quoting *J.B. ex rel. Hart*, 186 F.3d at 1292). A plaintiff's failure to present the federal claims in the state forum does not render the state forum inadequate. *See Lofland v. City of Shawnee*, No. 16-02183-CM, 2016 WL 5933514, at *3 (D. Kan. Oct. 12, 2016) (citing *Juidice v. Vail*, 430 U.S. 327, 330 (1977)).

Oklahoma state courts provide an adequate forum to challenge the constitutionality of Plaintiff's interrogation, arrest, and prosecution and to review the rulings made in the State Matter. *See Goings v. Sumner Cnty. Dist. Att'ys. Off.*, 571 F. App'x 634, 638 (10th Cir. 2014) (unpublished) ("[I]t is beyond cavil that a state court *is* an adequate forum for the resolution of challenges to distinctly state prosecutorial or court procedures or processes . . ..") Thus, the third *Younger* factor is also established.

**D. No exception to *Younger* abstention applies.**

Although *Younger* abstention is mandatory once the conditions have been met, a federal court may nevertheless enjoin a criminal prosecution if it "was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995) (citation omitted). These exceptions "provide for a very narrow gate for federal intervention." *Id.* at 1064 (citation omitted).

None of the exceptions are applicable here. Accordingly, the Court finds that *Younger* abstention applies to Plaintiff's claims against Defendants ODAFF and Payne.[3]

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's claims against Defendants Kay County Sheriff's Office, Kay County District Attorney's Office, and Ronald Wilson, in his official capacity as an investigator for Oklahoma Department of Agriculture Food and Forestry, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the adjudication of Plaintiff's claims against Defendants Oklahoma Department of Agriculture Food and Forestry and Deputy Brian

---

[3] The Court has doubts whether Plaintiff has sufficiently alleged any viable cause of action. However, because the *Younger* abstention doctrine applies to the claims against Defendants ODAFF and Payne, the Court does not address this issue. *See Goings*, 571 F. App'x at 637 (10th Cir. 2014) (unpublished) (noting that "[a]fter reaching its conclusion to abstain under *Younger* . . . the district court should not have gone further and ruled on the merits of Defendant's 12(b)(6) challenge. We have held that this additional inquiry is improper." (citing *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1232 (10th Cir. 2004))).

Payne, in his official capacity, are **STAYED** pending the final conclusion of Plaintiff's state criminal proceedings. An appropriate Administrative Closing Order shall be entered.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. No. 7] and his Motion to Appoint Counsel [Doc. No. 10] are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 7th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE